SELECTMEN OF RIPLEY & als., appellants from decree of
County Commissioners.

Those who are not parties to the record in an appeal from the County Com-
missioners to the Supreme Court, cannot take exceptions to the ruling of
the Court.

Thus the County Commissioners are not parties in an appeal from their
decision.

ON EXCEPTIONS from *Nisi Prius*, TENNEY, J., presiding.

The selectmen of Ripley, and others, petitioned the Coun-
ty Commissioners of Somerset county, to discontinue a cer-
tain county road. The County Commissioners refused upon
a hearing the prayer of the petitioners, and the petitioners
appealed to the Supreme Judicial Court.

A committee was appointed by the Court, who reversed
the decision and discontinued the road.

Exceptions were taken to the acceptance of this report
by the County Commissioners and the inhabitants of St. Al-
bans and Cambridge, who claimed to be parties interested
in the location of that road.

It is not material to consider the nature of the exceptions.
All the docket entries relating to this matter were made
part of the case.

*D. D. Stewart*, in support of the exceptions, claimed that
those persons or corporations interested adversely to the
appellants have an undoubted right to object to any illegality
or error in the proceedings under the statutes of 1847,
c. 28. *Banks, app't from decision of Co. Com. of York
and Cumberland*, 29 Maine, 288; *Jordan petitioner*, 32
Maine, 472.

*Abbott, contra*, insisted that the parties excepting were
not parties to the suit and had no right to appear in it.

APPLETON, J. — It appears that the selectmen of Ripley
and others, petitioned the County Commissioners of Somer-
set county for the discontinuance of a county road passing
through the town of Ripley. Due notice was given to all

parties interested; a hearing was had upon this petition before the County Commissioners; the road in question was adjudged by them to be of common convenience and necessity, and the prayer of the petitioners was denied. From this decision an appeal was taken to this Court and entered. A committee was then appointed, who after a hearing before them reversed in whole the decision of the County Commissioners, and granted the prayer of the petitioners. The report of the Committee was presented and accepted by the presiding Judge, and to the acceptance of this report exceptions have been filed by counsel in behalf of the County Commissioners and the inhabitants of the several towns of St. Albans and Cambridge.

It is provided by "an Act granting appeals 'from the decisions of County Commissioners," approved August 9, 1847, c. 28, § 1, that "any person or corporation aggrieved by any decision of any Court of County Commissioners, on an application to lay out, alter or discontinue any highways, may appeal to the District Court held in the county where the location, alteration or discontinuance is prayed for, under the limitations and restrictions in this Act." By § 2, the parties, petitioners or respondents; may enter their appearance before the County Commissioners, and *"any party so entering an appearance"* may take an appeal from their decision, "which appeal may be prosecuted by any other person or corporation, being any such party of record upon the neglect of the party so appealing to prosecute the same," and "all persons and corporations claiming such appeal shall be held jointly and severally liable for all costs that may be adjudged against them." By § 5, provision is made for the adjudication of cost in certain cases. By the Act of 1852, c. 346, § 1, the whole jurisdiction of the late District Court is conferred upon this Court.

The inhabitants of St. Albans and of Cambridge did not litigate the subject matter of this petition, before the County Commissioners. They were neither "parties, petitioners or respondents" in that Court. They entered no appear-

ance. They neither appealed nor had a right to appeal from any decision the County Commissioners made or might have made. They made themselves in no event liable for costs. Their names are not upon the docket of this Court as parties. From aught that appears, any other town in the county might with equal propriety have contested the acceptance of this report, and are equally parties to the record. It would be an anomaly in judicial proceedings to permit mere strangers, not parties, either as petitioners or respondents, not privies in interest to any party, who have not entered their appearance, and who have not become amenable to the jurisdiction of the Court, to thrust themselves into the contests of others at their own will and pleasure. The inhabitants of St. Albans and of Cambridge, are in no condition to interfere with the disposition of this appeal, or to except to any decision or ruling of the Justice presiding.

The County Commissioners are public agents, whose duties are clearly set forth and defined by R. S., c. 99, § 3. This is an appeal from their decision. They were no parties to the petition when pending before them; they could not enter an appearance in their own court, or become before themselves either petitioners or respondents. In adjudicating upon the petition they acted judicially. When the appeal was taken the ultimate decision of the matter was withdrawn from their jurisdiction. It is no part of their duty to pursue appellants from their Court and to litigate in this with parties dissatisfied with and contesting the propriety of their adjudications, at the public charge, or to except to the decisions of any Justice of this Court in accepting a report of its committee by which their proceedings have been reversed.            *Exceptions dismissed.*