INHABITANTS OF PHIPPSBURG PETITIONERS

*vs.*

COUNTY COMMISSIONERS OF SAGADAHOC COUNTY.

Sagadahoc.   Opinion March 8, 1928.

*George W. Heselton,*
*Edward W. Bridgham,* for plaintiffs.
*Walter S. Glidden,*
*Arthur J. Dunton,* for defendants.

SITTING: WILSON, C. J., PHILBROOK, DUNN, BARNES, BASSETT, PATTANGALL, JJ.

PATTANGALL, J. On exceptions. Petition for writ of certiorari to quash the record of county commissioners of Sagadahoc County, authorizing the laying out of a highway in the town of Phippsburg. Hearing was had before a single justice who denied the prayer of petitioners and the case comes forward on exceptions.

It appears that on July 21, 1924, petitioners, described as "resident and non-resident taxpayers of the town of Phippsburg," addressed the selectmen of that town, requesting the laying out of a highway at Popham Beach. Hearing was had on September 3, 1924, and the petition denied. On July 20, 1925, a petition addressed to the county commissioners and signed by certain persons described as "inhabitants and land owners of the town of Phippsburg" requested the laying out of the way, under the provisions of Chapter 24, R. S. 1916, and acts amendatory thereto.

Hearing was had on this petition on September 5, 1925, and on January 5, 1926, a return of the findings of the county commissioners was made and filed, the case then being continued to the March Term for final action. On March 2, 1926, the case was closed; judgment being in favor of petitioners. On May 6, 1927,

the selectmen of Phippsburg petitioned the county commissioners asking a reversal of their order of January 5, 1926, and after hearing, were given leave to withdraw. Petition for certiorari followed.

Petitioners contend that the county commissioners were without jurisdiction in the premises. It is also urged that their proceedings were not conducted in accordance with law and that the final order issued by them was not authorized by law.

The trial judge found jurisdiction in the commissioners and, having so found, ruled that the issuance of the writ was a matter of judicial discretion, in the exercise of which discretion the writ was refused.

The objection to jurisdiction is based on the proposition that neither in the petition addressed to the county commissioners nor in the original record of their adjudication of the matter is there allegation or finding that the selectmen "unreasonably" refused to lay out the way.

The petition alleged that the selectmen "refused" but does not allege that the refusal was "unreasonable." The original record of the county commissioners contained no reference to the fact of refusal and, hence, no record of any adjudication as to an "unreasonable" refusal.

A hearing was had before the county commissioners on September 5, 1925, at which all of the members of the board were present. Their return, dated January 5, 1926, and the record showing the final disposition of the case, dated March 2, 1926, were signed by George M. Stinson and Walter M. Mallett, who constituted a majority of the board. The third member, Charles B. Randall, was in Florida on these two latter dates.

On August 2, 1927, the board, then consisting of George M. Stinson, Charles B. Randall and Charles J. Dain, amended the record of the county commissioners' court relating to the hearing of the petition by inserting the words "and adjudicate and determine that the selectmen of said town of Phippsburg did unreasonably neglect and refuse to lay out said town way, as set forth in the petition of said Stacey et al."

Petitioners here strenuously argue that allegation of the necessary jurisdictional fact that the refusal of the selectmen to lay out the way was "unreasonable" not appearing in the petition ad-

dressed to the county commissioners and not appearing in the record of the case as originally made up by the commissioners and the personnel of the board having changed by the substitution of Mr. Dain for Mr. Mallett, the records were illegally amended and the action of the county commissioners is, on its face, illegal for want of jurisdiction.

On the authority of *Chapman* v. *County Commissioners*, 79 Me., 270, *Dresden* v. *County Commissioners*, 62 Me., 367, and *Levant* v. *County Commissioners*, 67 Me., 249, the presiding justice permitted the record of the county commissioners to be amended in accordance with the facts, and we think that his action in this respect was justified. Nor is the argument sound that this amendment could not be made because of a change in the personnel of the board. The county commissioners' court is a continuing body and its record may be changed in accordance with facts no matter when or how the facts may be ascertained. Had there been, in 1927, an entirely new board than that which acted in 1925 and 1926 and had it appeared to the satisfaction of that new board that the earlier board actually took the action indicated by the amendment, the new board could and should have amended the record so as to show what really happened on the earlier date.

The omission, in the petition addressed to the county commissioners, of the allegation that the refusal of the selectmen to lay out the road was an "unreasonable" refusal, raises a more serious question. The court below, on the authority of *State* v. *Pownal*, 10 Me., 24, and *White* v. *County Commissioners*, 70 Me., 317, decided that the county commissioners had jurisdiction of the matter before them notwithstanding the omission of this necessary jurisdictional fact from the petition presented to them, provided that they did actually adjudicate and determine the fact at the hearing on the petition. Commenting on this ruling, the learned justice, in his findings, said "The acquisition of jurisdiction by the county commissioners upon a petition that did not contain the jurisdictional facts is somewhat incompatible with the ordinary rules of law, but it is nevertheless the fact that our court in *State* v. *Pownal* did by implication, if not by direct phraseology, hold that the county commissioners could obtain jurisdiction by finding the

omitted jurisdictional facts and making such finding a part of their record."

An examination of the authorities bearing upon this question discloses opportunity for confusion. In *State* v. *Pownal*, supra, the petition to the county commissioners did not contain the allegation of unreasonable refusal, nor did the adjudication of that question appear in the records of the court. Speaking through Chief Justice Mellen, our court said, "From a view of these provisions, it is evident that the jurisdiction of the Court of Sessions of the laying out of town or private ways is of an appellate character only. It has no original jurisdiction in such cases. Neither has the court appellate jurisdiction in laying out such roads except in the two specified cases; that is, when the selectmen shall unreasonably delay or refuse to lay out such way, or the town shall unreasonably delay or refuse to approve or allow the same. . . . It is nowhere stated in the record and proceedings of the court in their adjudication that the selectmen of Pownal had unreasonably delayed or refused to lay out the road; that is, it nowhere appears on such record and proceedings of the court that it had any jurisdiction whatever in the premises. If the court were really satisfied, from an examination of the facts of the cause while under their consideration, that the selectmen had unreasonably delayed or refused to lay out the road, that fact should have been stated by the court as the evidence of their jurisdiction and of the reason for exercising such jurisdiction and proceeding to lay out the road. The omission or absence of this record evidence of jurisdiction is fatal."

It is to be noticed that in this opinion the court did not directly pass upon the question of whether or not the omission of the allegation of the jurisdictional fact in the petition would be fatal, but, as found by the court below, the implication is clear that that defect might have been cured by adjudication of the fact by the county commissioners and a record showing that adjudication.

In *Bethel* v. *County Commissioners*, 42 Me., 480, both the petition and the record of the commissioners failed to show that the petition had been presented to the commissioners within the time fixed by law, and the court said, "It does not appear that the County Commissioners had any jurisdiction, there being no allegation in the petition presented to them, nor anything appearing in

their record that shows the application to have been seasonably made, and nothing is to be inferred."

In *Goodwin* v. *County Commissioners*, 60 Me., 330, Judge Walton, speaking for the court, said, "It is well settled that the petition to the county commissioners must state directly such facts as are necessary to give them jurisdiction. Nothing can be left to inference. Whatever is necessary to give the county commissioners jurisdiction of the case must be stated clearly and distinctly. In this case, there is no such averment in the petition nor any adjudication of the fact. At least no such adjudication appears in the record. The original petition neither avers, nor do the subsequent adjudications establish, this vital jurisdictional fact."

In *Brown* v. *County Commissioners*, 68 Me., 537, the court ruled that the commissioners were without jurisdiction because "it is not alleged in the petition to the commissioners nor does it appear in their proceedings that the petitioners were inhabitants of the town or owners of taxable property therein or that they had any interest whatever in the subject matter or were in any way connected with the prior proceedings."

In *Hayford* v. *County Commissioners*, 78 Me., 156, the court said, "Being an inferior tribunal, nothing is presumed in favor of the commissioners' jurisdiction, but it must appear by their record. A general jurisdiction merely, given by the statute over the subject matter, is not enough; they can only have it in the particular case in which they are called upon to act, by the existence of those preliminary facts which confer it. *Small* v. *Pennell*, 31 Me., 267, 270. Moreover, while generally no particular form of words is required in the petition, nor is strict technical accuracy expected therein (*Windham* v. *Co. Cmrs.*, 26 Me., 406, 409), their jurisdiction generally depends upon whether sufficient jurisdictional facts are set out, as they always should be, in the petition which forms the foundation of their action; although in some classes of cases concerning which the statute does not prescribe what facts the petition shall set out — such as those seeking an abatement of taxes — if the whole record when completed shows actual jurisdiction, notwithstanding one or more of the jurisdictional facts were wanting in the petition, the court may, if substantial justice

has been done by the commission, rightfully refuse to grant the writ. *Orland* v. *Co. Commrs.*, 76 Me., 462."

In *Orland* v. *County Commissioners*, supra, a case relating to abatement of taxes, the court permitted an amendment of the commissioners' record in accordance with the facts, and said, "The only cause of error assigned and relied on in argument, is that the application did not set forth upon what property the applicant desired abatement. To be sure, the application is quite general in its terms, alleging that the assessors 'assessed the petitioner at a higher value than the property was worth on the first day of April, 1883.' Under this general allegation, the commissioners would probably order a specification, if requested. And it seems the reason for not making such a request, is disclosed by the following clause in their record, to wit, 'That in the application to the assessors requesting an abatement, is a list setting forth on what property he desired an abatement, . . . and was produced at the hearing before the county commissioners, on notification of Buck.' While all of these jurisdictional facts ought to be set forth in the application, and the commissioners might properly decline to receive and order notice upon an application which did not contain all these allegations, still, if without objection all these facts be proved, the application might be entertained, for it is the whole record which is to be examined."

It will be noticed that the question directly at issue, namely whether or not the omission of a jurisdictional fact from the petition, would in and of itself be fatal, is not directly decided in any cited case relating to the laying out of a way, although the implication appears to be that such might not be the case. But, in *Newcastle* v. *County Commissioners*, 87 Me., 227, the court, speaking directly to that point, said, "It is settled law that a petition to county commissioners, asking them to reverse the decision of the municipal officers of the town refusing to locate or alter a town way, must state clearly and directly every fact necessary to give the commissions jurisdiction. . . . But the county commissioners, in their answer to this petition for a writ of certiorari, say that before making their report they permitted these two errors to be corrected. In other words, that, after having taken jurisdiction and acted upon the petition, they allowed it to be altered in two essen-

tial particulars. It has been held that such an alteration makes a new petition of the instrument, and exonerates such of the signers as do not consent to the alteration from all liability for costs. *Jewett* v. *Hodgdon*, 3 Me., 103. We do not doubt the authority of county commissioners to amend the record of their own doings. Nor do we doubt that such an amendment, when made, is conclusive, and that oral evidence is inadmissible to impeach or contradict the record so amended. *Levant* v. *Co. Com.*, 67 Me., 429. But they have no right to amend a petition, signed by others, after it has been acted upon by them, and thus confer upon themselves a jurisdiction which they did not possess when the petition was presented. It is perfectly well settled that, in a case like the one now under consideration, the original petition, when presented, must contain such a statement of facts as will give the county commissioners jurisdiction, or they will have no right to accept it, or to take any action upon it whatever. In the present case, the petition, when presented to the county commissioners, did not contain such a statement. The county commissioners had no authority to accept and act upon such a petition, and it is the right of the town of Newcastle to have their proceedings quashed."

This case appears to be the last word of our court on the subject and in view of its definite, explicit and emphatic declaration of the law applicable to the instant case, we are obliged to conclude that any action of county commissioners based on a petition which fails to set out necessary jurisdictional facts is void, notwithstanding the implication of earlier cases that such a defect in the petition might be cured by a finding of the omitted jurisdictional facts by the county commissioners, provided that such finding was incorporated in their record.

It may also be noted that the final order of the county commissioners fixing the time within which the way should be completed was not in accordance with the statute.

Section 9 of Chapter 24, R. S. 1916, provides that, "A time not exceeding two years shall be allowed for making and opening the way."

The order of the county commissioners was "that the town of Phippsburg be allowed three years from said time within which to open and make said road, and safe and convenient for travelers,

and also that the laying out, making and opening said road be done one-third distance, within twelve months from date and start at the beginning of the above described road; that the next adjoining third part of said road be finished within twenty-four months from date, and that the last third part of said road be finished within thirty-six months from date."

Such an order finds no warrant in law. The powers and duties of county commissioners are defined and limited by statute. These powers may not be exceeded nor has this court discretionary power to enlarge them. The order above quoted cannot be subdivided. A way was prayed for with definite termini. The commissioners found that "convenience and necessity" required such a way. By their amended record, it appears that they found that the selectmen "unreasonably neglected and refused" to lay out such a way. These findings related to the whole way, not to two-thirds of it. And it may well be that different findings might have resulted had two-thirds only, of the way, been under consideration. The order to lay out the way must be taken in its entirety and when so taken it is without authority and void. *Kingman* v. *County Commissioners*, 53 Me., 431.

> *Exceptions sustained.*
> *Petition granted.*
> *Writ to issue.*