In re return of **COUNTY COMMISSIONERS OF AROOSTOOK COUNTY.**

Supreme Judicial Court of Maine.
June 29, 1968.

Barnett I. Shur, Portland, and Fred N. Beck, Presque Isle, for County Commissioners.

George B. Barnes, Houlton, for Proponents.

Ralph I. Lancaster, Jr., and Edward W. Atwood, Portland, for International Paper Co.

Louis C. Stearns, III, Bangor, and Walter S. Sage, Fort Fairfield, for Great Northern Paper Co.

Merrill R. Bradford, and Malcolm E. Morrell, Jr., Bangor, for Irving Pulp & Paper Co., Ltd.

Edward H. Keith, Bangor, for Penobscot Development Co.

Bradford S. Wellman, Bangor, for Heirs of David Pingree, Sada Coe, Robinson & Prentiss & Carlisle Co., Inc.

Before WILLIAMSON, C. J., and WEBBER, TAPLEY, MARDEN, DUFRESNE and WEATHERBEE, JJ.

WILLIAMSON, Chief Justice.

The County Commissioners of Aroostook, on petition of residents of the county and after notice and hearing, laid out a county road from Ashland, Maine to the Maine-Quebec border, running through Ashland, Garfield Plantation, and several unorganized townships a distance of approximately ninety miles over an existing private road. In their return the Commissioners recited: "Believing no persons to be injured by the laying out of said County Road, or liable to be injured thereby, we have not awarded damages to anyone." The Commissioners base their authority for laying out the road on 23 M.R.S.A. § 4001.[1]

The International Paper Company, a landowner, in a "Complaint and Notice of Appeal" in the Superior Court, appealed from the return of the Commissioners and claimed a review thereof. The complaint was made under M.R.C.P., Rule 80B, relating to review of administrative or governmental action, and the appeal was taken under 23 M.R.S.A. § 4002.[2] Barnett I. Shur, Esq. entered his appearance as attorney for the County Commissioners. A motion to strike the appearance of counsel for the Commissioners was granted by the presiding Justice in the Superior Court on the ground that the Commissioners, having acted as a court, were not proper parties to the appeal from their own decision.

The case is before us on report "to determine whether or not the County Commissioners of Aroostook County are proper parties to this action," ordered by the presiding Justice on motion of the Commissioners and the petitioners under M.R. C.P., Rule 72(c). By stipulation our ruling shall be determinative of identical motions in actions by six other landowners. The several actions are consolidated, except for reservation of separate trial on damages, and all proceedings stayed until decision of the reported issue.

We start with the premise that the County of Aroostook, and therefore the County Commissioners, have a continuing interest in the creation of the proposed county road, including the location and cost. To say that only the seven responsible persons resident in the county, who started the process of laying out the road by their petition to the Commissioners, and the several landowners in question, have an interest in the proposed road does not accord with the obvious facts. The county road affects the people of Aroostook County.

In the absence of some compelling rule of law, we are fully satisfied that the county has a right to appear and participate in the present action arising from the decision of the County Commissioners; that the County Commissioners, being the

1. "§ 4001. *Hearing*

The county commissioners, on petition as provided in section 2051, may lay out, alter or discontinue a highway on any tract of land in their county not within any town or plantation required to raise money to make and repair highways. All expenses for making and opening the same shall be paid by the owners thereof, excluding lands reserved for public uses, in proportion to their interest in the lands over any part of which it is laid, except as provided in section 4102."

2. "§ 4002. *Appeals; committee; duties; report*

Any party interested in such decision under section 4001 may appeal therefrom to the Superior Court in said county within 30 days. All further proceedings before the commissioners shall be stayed until a decision is made in the appellate court."

administrative agency of the county, have the right so to appear; and that thus the County Commissioners lawfully employed counsel of their own selection to appear in their behalf.

In the "Complaint and Notice of Appeal" the International Paper Company prays that the Court:

"1. review and examine the proceedings of the County Commissioners below and dismiss said proceedings for lack of jurisdiction; or, if the Court finds jurisdiction, then;

"2. hold a full and complete hearing de novo, either itself or through a committee of three disinterested persons appointed by it; and

"a. determine that the said road is 'not of common convenience and necessity' and reverse the decision of the County Commissioners in toto; or alternatively,

"b. if it is determined that said road is of common convenience and necessity, determine and assess the damages incurred by International Paper Company as a result of the laying out of said road; and

"3. grant to International Paper Company such other relief as the Court shall deem proper."

For our purposes the complaint may be broken into two parts. In the first part, the landowner seeks review and examination of the record of the Commissioners in laying out the road. It charges that the hearing violated constitutional rights, State and Federal; lack of jurisdiction; error in determining that the road is of "common convenience and necessity" and in granting the prayer of the petitioners; error in laying out and locating the road; error in failure to hold hearing on damages; error in the conclusion of no injury from road; and in failure to award damages.

The complaint ends with the prayer that the proceedings before the Commissioners be dismissed for lack of jurisdiction.

To the extent at least that the stated grounds for review of the record and for dismissal were available prior to the adoption of Rule 80B by certiorori, there is no question of the right of the County Commissioners to defend their record. Inhabitants of Phippsburg v. County Com'rs of Sagadahoc County, 127 Me. 42, 141 A. 95 (1928); Nobleboro v. Lincoln County Commissioners, 68 Me. 548 (1878); Levant v. Penobscot County Commissioners, 67 Me. 429 (1877); Carter v. Wilkins, et al, 160 Me. 290, 203 A.2d 682 (1964); Inhabitants of Town of N. Berwick v. State Bd. of Ed. (Me.) 227 A.2d 462 (1967); Field & McKusick Me.Civ.Prac. § 80B.1 et seq.

As we read in *Carter*, supra, the principles of certiorari remain useful. The change in name does not alter the substance of the proceedings.

The vital question, however, is not with jurisdiction but is whether on the appeal from location and from damages the County Commissioners (or the County) are proper parties. If so, the County Commissioners had authority to employ and appear by counsel.

The position of the landowner is that the Board of County Commissioners is a Court, and that therefore on well understood principles it may not participate in an appeal from its own decision. In our cases we have repeatedly said that the Board of County Commissioners is a Court. For example, in Waukeag Ferry v. Arey, et als, 128 Me. 108, 146 A. 10 (1929), the Supreme Judicial Court exercised its power of "general superintendence of all inferior courts for the prevention and correction of errors and abuses, where the law does not expressly provide a remedy." (Now 4 M.R. S.A. § 7)

The County Commissioners form, in our view, an adminstrative agency or at

most a quasi-judicial body in the performance of their duties in the laying out of highways. In short, they form a court for limited purposes. No one would suggest that they are judicial officers under our Constitution. Art. VI, Section 4. See Morrison v. McDonald, 21 Me. 550 (1842).

■ It does not follow, however, from the designation of "Court" that when the subject matter is removed from their jurisdiction as a quasi-judicial court to the Superior Court on appeal for hearing and decision de novo, the Commissioners acting for the County may not participate in the appeal. In the end it will be the duty of the County Commissioners in the exercise of their administrative responsibilities to carry out the judgment of the Superior Court under Section 4002.

The important point is that by the appeal the power of the County Commissioners to adjudicate the issues ended. The Superior Court, a judicial court, then replaced the Board of County Commissioners, a quasi-judicial court. The Commissioners, in our view, then returned to the status of administrators of the affairs of the County; and so may represent the County on appeal.

■ We do no violence to the general principle that a court is not a party to or with an interest in an appeal from its decision. The nature of the County Commissioners (or the "Board" or "Court") so far differs from that of the Superior Court that in our judgment the principle need not, and ought not, to be here applied.

How else may the interests of the County be suitably protected except by participation of the County, as here proposed, in the complaint and appeal before the Superior Court?

The Legislature has, in our view, indicated the interest of the County Commissioners in the appeal. In Section 4002, regulating the appeal, personal notice of hearing before a committee appointed by the Court must be given to the appellant and to the Chairman of the County Commissioners. The present statutes relating to the county attorney and other counsel reads:

"The county attorney in each county shall appear for the county, under the direction of the county commissioners, in all actions and other civil proceedings in which the county is a party or interested, or in which the official acts and doings of said county commissioners are called in question, in all the courts of the State, and in such actions and proceedings before any other tribunal when requested by said commissioners."

Further:

"The county commissioners may employ other counsel if in their judgment the public interest so requires." 30 M.R.S.A. § 501.

It is of interest that until the abolishment of sheriffs' juries in road cases[3] to hear petitions for increase of damages, the statute provided "When a county is liable for damages, the county attorney is to be notified by such committee or officer, and is to appear in behalf of the county before such committee or jury at the time and place of hearing." R.S.1871, c. 18, § 11. In 1824, c. 249, we find provision for notice to the county attorney of petitions in the Court of Sessions (forerunner of County Commissioners)[4] and for the duty of the county attorney to appear and act for the county, and to attend the sheriff's jury in behalf of the county. The statutes have recognized plainly the interest of the county in damages from early days.

The presiding Justice properly applied the rule stated in Selectmen of Ripley, Appellants, 39 Me. 350 (1855), in which we said at p. 352:

"The County Commissioners are public agents, whose duties are clearly set forth and defined by R.S., c. 99, § 3. This is an appeal from their decision. They were

3. Laws 1883, c. 175.

4. Laws 1831, c. 500.

no parties to the petition when pending before themselves either petitioners or appearance in their own court, or become before themselves either petitioners or respondents. In adjudicating upon the petition they acted judicially. When the appeal was taken the ultimate decision of the matter was withdrawn from their jurisdiction. It is no part of their duty to pursue appellants from their Court and to litigate in this with parties dissatisfied with and contesting the propriety of their adjudications, at the public charge, or to except to the decisions of any Justice of this Court in accepting a report of its committee by which their proceedings have been reversed."

We have deemed it proper to reconsider the 1855 decision and we now conclude that the limitations in *Ripley* no longer govern.

We hold that the County Commissioners are properly a party to the proceedings in the Superior Court. Whether the County Commissioners or the County be termed a party is not material. In either event, the people of Aroostook County will be represented.

Remanded to the Superior Court for action not inconsistent herewith.