Edward R. COMBER, Jr.

v.

**INHABITANTS OF the PLANTATION
OF DENNISTOWN.**

**INHABITANTS OF the PLANTATION
OF DENNISTOWN**

v.

**SOMERSET COUNTY COMMISSION-
ERS and Edward R. Comber, Jr.,
et al.**

Supreme Judicial Court of Maine.

Feb. 28, 1979.

Sanborn, Moreshead, Schade & Dawson by Peter T. Dawson (orally), Augusta, for plaintiff.

Daviau, Daviau & Batten by J. William Batten (orally), Waterville, John P. Jabar, Waterville, for defendants.

Before POMEROY, WERNICK, ARCHIBALD, DELAHANTY and GODREY, JJ.

McKUSICK, Chief Justice.

These are consolidated appeals from Superior Court judgments in two separate actions involving a gravel road known as "Rancourt Road" located in the Plantation of Dennistown.[1] In CV–75–81, Edward R. Comber, Jr., a resident of Dennistown Plantation, appeals from the Superior Court's refusal to issue a declaratory judgment that Rancourt Road is a public way. In CV–77–48, the Inhabitants of the Plantation of Dennistown (hereinafter Town) appeal from the Superior Court's affirmance of a decision of the County Commissioners of Somerset County (hereinafter Commission-

---

1. It should be noted at the outset that 30 M.R. S.A. § 5609 (1964) expressly provided that:

 "Laws relating . . . to the . . . powers . . . of town officers apply to plantations and their officers, so far as applicable thereto, except when specially otherwise provided."

The statutes cited in this opinion which refer to a "town" or to "town officers" or "selectmen" also apply to the Plantation of Dennistown and the Dennistown Board of Assessors.

ers) ordering the Town to lay out Rancourt Road as a public way.[2] At stake is the determination of whether the Town has the responsibility for maintaining, improving, and plowing Rancourt Road. Each appeal will be examined separately.

### I. CV–75–81: Creation of Public Way by Prescription or by Dedication and Acceptance

Comber filed a complaint in Superior Court on July 25, 1975, seeking a declaratory judgment that Rancourt Road was a public way. After a full evidentiary hearing, the presiding justice granted judgment for the Town. Comber appeals that ruling, alleging that the evidence firmly supported a declaration that Rancourt Road had become a public way either by prescription or by dedication and acceptance. We deny the appeal.

 It is well established that a town way "can be created by adverse user alone." *MacKenna v. Inhabitants of Searsmont,* Me., 349 A.2d 760, 762 (1976). The requirements for creation of a public way by prescription parallel those for the creation of a prescriptive easement. *Id.* at 762 n. 3. As we stated in *Dartnell v. Bidwell,* 115 Me. 227, 230, 98 A. 743, 744 (1916):

"A prescriptive easement is created only by a continuous use for at least twenty years under a claim of right adverse to the owner, with his knowledge and acquiescence, or by a use so open, notorious, visible and uninterrupted that knowledge and acquiescence will be presumed."

See also *Inhabitants of Kennebunkport v. Forrester,* Me., 391 A.2d 831 (1978); *Pace v. Carter,* Me., 390 A.2d 505 (1978).

 Applying this standard to the instant case, we find sufficient evidence to support the presiding justice's finding that the Town's use of Rancourt Road was "more permissive than adverse." Comber introduced evidence which showed that the Town had paid to add gravel to the road and to install lighting. However, improvements financed by the Town were at best minor and sporadic. Comber did show that the Town had removed snow from Rancourt Road on a regular basis, but the impact of that testimony was undermined by proof that the Town had also used public funds to finance snow removal from private driveways until 1973.

In short, while Comber did establish that the Town had shown some interest in Rancourt Road over a twenty-year period, there was enough evidence to support the presiding justice's conclusion that the requirements for the creation of a public way by prescription had not been met.

 Similarly, the presiding justice's finding that a public way had not been created by dedication and acceptance survives scrutiny by this appellate court. In order to prevail, Comber had to establish that (1) Rancourt Road had been dedicated to the Town and (2) the Town had accepted Rancourt Road as a public way. *Vachon v. Inhabitants of Lisbon,* Me., 295 A.2d 255 (1972). We have previously defined "dedication" as the "intentional appropriation of land *by the owner* to some proper public use, reserving to himself no rights therein inconsistent with the full exercise and enjoyment of such use." *Northport Camp Meeting Association v. Andrews,* 104 Me. 342, 346, 71 A. 1027, 1029 (1908) (Emphasis added). Even if, as Comber argues, a vote of the Town in 1973 satisfied the second requirement, it is clear from the record that

---

**2.** The appeal of the Inhabitants of the Plantation of Dennistown in CV–77–48 (the statutory proceeding) names the Somerset County Commissioners as defendants. In that action the Superior Court permitted Edward R. Comber, Jr., Pauline C. Comber, James H. Gourde, Royle M. Gourde, and Alan R. Bragg to intervene in the action pursuant to Rule 24, M.R.Civ.P. At the outset of the Superior Court's hearing in

CV–77–48, the parties stipulated that the Inhabitants of the Plantation of Dennistown and the above-named intervenors were the proper parties, rather than the County Commissioners. *But see In re County Commissioners of Aroostook County,* Me., 244 A.2d 75 (1968). Hence, the parties were substantially the same in both CV–77–48 (statutory proceeding) and CV–75–

Comber never dedicated Rancourt Road to the Town since he admitted under cross-examination that he did not own the land over which Rancourt Road runs.

In short, there is ample evidence to support the presiding justice's finding that the road in question had not become a public way either by prescription or by dedication and acceptance. The presiding justice properly entered judgment for the Town in Comber's action for a declaratory judgment.

## II. *CV–77–48: Creation of a Public Way by Statutory Procedure*

CV–77–48 involves Comber's attempt to have Rancourt Road made a public way "by the statutory method of laying out and accepting a way . . . ." *Vachon v. Inhabitants of Lisbon, supra* at 259. Under former 23 M.R.S.A. §§ 3001–3012 (1964) (repealed 1975),[3] creation of a town way involved two steps. First, the municipal officers—in this case the Board of Assessors—on petition of an inhabitant or owner of cultivated land in the particular town, had to lay out the public way. 23 M.R.S.A. § 3001 (1964) (repealed effective July 29, 1976).[4] And second, after the municipal officers had laid out the town way and filed their written report with the town clerk, the town in town meeting had to accept the road as a public way. 23 M.R.S.A. § 3003 (1964) (repealed effective July 29, 1976).[5] As former section 3003 expressly provided: "The way is not established until it has been accepted in a town meeting legally called . . . ."

Comber, joined by three other persons living on Rancount Road, all four being hereinafter referred to as "Comber," initiated the first step by presenting the proper petition to the Board of Assessors of Dennistown Plantation. However, the Board of Assessors denied the petition, stating that "[t]he future expense of this property will be prohibitive when it comes to snow plowing, sanding, repairing and maintaining which will take many hours of labor and much material."

Comber then petitioned the County Commissioners pursuant to former 23 M.R.S.A. § 3006 (1964) (repealed effective July 29,

---

81 (the declaratory judgment action). Accordingly, the Inhabitants of the Plantation of Dennistown—the appellants in CV–77–48 and the appellees in CV–75–81—will be referred to throughout this opinion as the "Town." Edward Comber, Jr.,—the only appellant in CV–75–81 and one of the appellees in CV–77–48—will be referred to as "Comber." In discussing CV–77–48 the term "Comber" will be used to designate all the intervenors.

3. Effective July 29, 1976, P.L.1976, c. 711, repealed sections 3001–3012 of Title 23 and established a new procedure for creation of public ways, now set forth in 23 M.R.S.A. §§ 3021 *et seq.* Comber argues on appeal that the new statutory sections should govern our disposition of this appeal. We disagree. Comber initiated his petition before the Board of Assessors of Dennistown on February 11, 1976, over five months before the effective date of the bill repealing 23 M.R.S.A. §§ 3001–3012. The "saving statute," 1 M.R.S.A. § 302, states that:

"Actions and proceedings pending at the time of the passage or repeal of an Act or ordinance are not affected thereby. For the purposes of this section, a proceeding shall include but not be limited to petitions or applications for licenses or permits required by law at the time of their filing."

Since Comber's petition was pending prior to the effective date of the new statute, 23 M.R.S.A. §§ 3001–3012 continue to govern the disposition of this case.

4. Former 23 M.R.S.A. § 3001 provided:

"The municipal officers of a town may on petition therefor, personally or by agency, lay out, alter or widen town ways and private ways for any inhabitant or for owners of cultivated land therein, if such inhabitant occupies or such owner has cultivated land in the town which such private way will connect with a town way or highway. They shall give written notice of their intentions, to be posted for 7 days in 2 public places in the town and in the vicinity of the way, describing it in such notice, and they shall determine whether it shall be a town way or a private way, and if a private way, whether it shall be subject to gates and bars."

5. Former 23 M.R.S.A. § 3003 stated in full:

"A written return of the proceedings of the municipal officers under sections 3001 and 3002, containing the bounds and admeasurements of the way and the damages allowed to each person for land taken, shall be made and filed with the town clerk in all cases. The way is not established until it has been accepted in a town meeting legally called, after the return has been filed, by a warrant containing an article for the purpose."

1976)[6] to lay out Rancourt Road as a public way. On Comber's petition the County Commissioners, upon finding that the municipal officers had acted unreasonably in refusing to lay out the requested public way, were authorized by former section 3006 to act "as is provided respecting highways." 23 M.R.S.A. § 2051, the pertinent section outlining the powers and duties of county commissioners regarding highways, empowered county commissioners to "lay out" highways.

Comber and the Town appeared as parties before the Commissioners. After a full hearing, which included an on-site inspection of Rancourt Road, the Commissioners granted Comber's petition, expressly finding that "establishing a public way [over Rancourt Road] would serve the public convenience and necessity," and "that the refusal of said municipal officers to lay out the town way was unreasonable."

The Town then appealed the Commissioners' decision to the Superior Court pursuant to former section 3006, which provided: "When the decision of the commissioners is returned and placed on file, such owner or tenant or party interested has the same right to appeal to the Superior Court as is provided in sections 2063 to 2066 . . ."[7] The Superior Court appointed a referee to hear the evidence and make recommendations regarding the Town's appeal. After a hearing, in which both the Town and Comber presented witnesses, the referee recommended that the Commissioners' decision be affirmed. The Superior Court accepted the referee's report and recommendation, and entered judgment for Comber.

The Town now appeals that judgment on grounds that (1) the referee erred in admitting the testimony of two witnesses who allegedly had not appeared before the Commissioners and in striking the testimony of two witnesses who had testified before the Commissioners, and (2) that the evidence was insufficient to support the Superior Court's affirmance of the Commissioners' finding that the Town Assessors unreasonably refused to lay out Rancourt Road as a public way. We reject both contentions.

■■■ The Town's assertion that the referee erroneously struck the testimony of witnesses McGuire and Seymour rests on an apparent misreading of the referee's order. As noted by the Town, the referee admitted the testimony of McGuire and Seymour *de bene* subject to a motion to strike.[8] How-

---

6. Former 23 M.R.S.A. § 3006 provided:

"When the municipal officers unreasonably neglect or refuse to lay out or alter a town way, or a private way on petition of an inhabitant or of an owner of land therein for a way leading from such land under improvement to a town or highway, the petitioner may, within one year thereafter, present a petition stating the facts to the commissioners of the county at a regular session, who shall give notice thereof to all interested and act thereon as is provided respecting highways. When the decision of the municipal officers is in favor of such laying out or alteration, any owner or tenant of the land over or across which such way has been located shall have the same right of petition. When the decision of the commissioners is returned and placed on file, such owner or tenant or other party interested has the same right to appeal to the Superior Court as is provided in sections 2063 to 2066, and to have his damages estimated as provided in section 2058."

7. 23 M.R.S.A. § 2063 states that any party may appeal to the Superior Court from the decision of the County Commissioners "within 30 days after it has been placed on file . . . ." The order of the Commissioners reversing the Dennistown Board of Assessors is dated November 9, 1976. The Town's complaint appealing from the decision of the Commissioners was filed in Superior Court on February 24, 1977. While the Town's appeal was filed more than 30 days after the date of the Commissioners' order, the date that the Commissioners' order was actually "placed on file" does not appear in the record. Since Comber did not challenge the timeliness of the Town's appeal below, we must assume that the statutory requirement was met.

8. The court may admit evidence *de bene* subject to a motion to strike pursuant to M.R.Evid. 104(b), which provides: "The court has discretion to admit evidence conditionally upon the representation that its relevancy will be established by evidence subsequently offered." However, we caution, as noted in *Lipman Bros. v. Hartford Accident & Indem. Co.*, 149 Me. 199, 211, 100 A.2d 246, 253 (1953), that "[t]he rule under discussion should be limited to cases

ever, in his report, the referee expressly states that "the Motions to Strike are not granted." Thus, the testimony of McGuire and Seymour is a part of the record on this appeal. The Town has no basis for complaint.

■ We find equally without merit the Town's assertion that the referee erred in admitting the testimony of Comber's witnesses Pooler and Levesque. The Town rests this contention on the factual assertion that these witnesses had not appeared before the County Commissioners.[9] However, Pooler stated on direct that he had in fact testified before the Commissioners. The Town did not challenge this assertion on cross-examination. Nor did the Town attempt to establish that the substance of Pooler's testimony before the Commissioners differed from that presented to the referee. In short, the record tends to contradict the Town's assertion that the Pooler testimony had not been considered by the Commissioners.

■ It is clear from the record that Comber's witness Levesque had not appeared before the Commissioners. However, the Town waived the right to challenge the admission of this testimony on appeal by failing to object to its admission at the hearing before the referee. As we have often stated, "questions of error not raised and properly preserved in the trial court will not be considered on appeal." *Frost v. Lucey,* Me., 231 A.2d 441, 445 (1967).

■ Finally, we cannot agree with the Town's contention that the evidence was insufficient to support the court's affirmance of the Commissioners' finding that the refusal of the Board of Assessors to lay out the town way was "unreasonable." As the

referee noted in his report, the evidence presented established that the Town "had for years, spent maintenance money on the road in question including placement of gravel and snow plowing." One of the County Commissioners testified before the referee that it was this evidence of the Town's past assumption of responsibility for the road, combined with the finding that certain residents had "used that road as a public road . . . and had moved in there thinking that it was a public road," that led to the Commissioners' conclusion. We cannot say that this evidence was insufficient to support the Superior Court's affirmance of the decision of the Commissioners. In short, we find that the Superior Court's affirmance of the order of the Commissioners that Rancourt Road "shall be and hereby is laid out as a public way to be maintained as a public way by said Dennistown Plantation" was entirely proper.

The entries in these consolidated appeals must be:

In CV–75–81, appeal denied and judgment affirmed.

In CV–77–48, appeal denied and judgment affirmed.

POMEROY and NICHOLS, JJ., did not sit.

---

wherein the objection to the testimony relates mainly to its relevancy to the issue, and does not extend to cases in which the objection is to its legal incompetency to prove the fact." Further, once evidence is admitted *de bene,* opposing counsel should make a motion to strike at the close of the evidence to give the court an

opportunity to determine the relevancy of the evidence in question.

9. We express no opinion upon the Town's legal assumption that the Superior Court's review may be based only on the same evidence presented to the Commissioners.