MAINE SUPREME JUDICIAL COURT                              Reporter of Decisions
Decision:     2013 ME 35
Docket:       Was-12-129
Argued:       October 26, 2012
Decided:      March 21, 2013

Panel:        SAUFLEY, C.J., and ALEXANDER, LEVY, SILVER, MEAD, GORMAN, and
              JABAR, JJ.

# BAYBERRY COVE CHILDRENS' LAND TRUST et al.

v.

# TOWN OF STEUBEN

MEAD, J.

[¶1]  The Town of Steuben appeals from a judgment entered in the Superior Court (Washington County, *Cuddy, J.*), declaring that the Bayberry Cove Childrens' [*sic*] Land Trust (Trust) and Paul and Pauline West own all rights, title, and interest in a piece of real property known as the Town Landing Road located in the Town of Steuben.  The Town argues that the court erred in rejecting its contention that it acquired a public way by prescriptive use when the court concluded that (1) the Town failed to use the property continuously for the statutory period, (2) the people who used the land were separable from the public generally, and (3) the Town failed to demonstrate a claim of right adverse to the owners.  The Town also asserts that the court erred as a matter of law in

2

considering the state of mind of the prescriptive users. We find the continuous use issue dispositive and affirm the judgment.

## I.  BACKGROUND

[¶2]  A short, narrow road located in the Town of Steuben connects the town ways of Rogers Point Road and Warf Road with a sandy beach along Gouldsboro Bay.  A ramp situated at the end of this road provides vehicles access to the beach and Gouldsboro Bay.

[¶3]  The road, known as the Town Landing Road, is bordered to the west by property owned by the Trust.  The Trust obtained title to the property in 1989 by warranty deed conveyed from Trustee Edward Atkinson and his wife Brenda Koskinen.  Town Landing Road is bordered to the east by property owned by Paul and Pauline West and another property.  The Wests acquired their property from Pauline's parents; the property has been in her family for over sixty years.

[¶4]  Beginning in the 1980s, Paul West initiated a series of communications with the Town about his concerns regarding the use of the road.  Between 1999 and 2010, West grew increasingly concerned about the activities of approximately seven commercial fishermen using the Town Landing Road ramp because they were leaving equipment and trash on the beach and using toxic chemicals to wash their boats.  In 2010, West placed a sailboat on the road, thus blocking access to the beach; the Town instructed him to remove it during the summer of 2011.

Shortly afterward, the Trust filed a complaint seeking a declaratory judgment as to the ownership of the road, which the Wests later joined. After a bench trial, the court declared that the Trust and Wests owned Town Landing Road free and clear of any interests claimed by the Town on behalf of the public in general. The Town filed a motion for additional findings of fact; the court granted the motion and issued further findings. The court denied the Town's supplemental motion for findings of fact. This appeal followed.

## II. STANDARD OF REVIEW

[¶5] Because the Town filed a motion for findings of fact pursuant to M.R. Civ. P. 52(a), "we review the original findings and any additional findings made in response to the motion for findings to determine if they are sufficient, as a matter of law, to support the result and if they are supported by the evidence in the record." *Theberge v. Theberge*, 2010 ME 132, ¶ 17, 9 A.3d 809 (quotation marks omitted).

## III. DISCUSSION

[¶6] It is well established that the public may acquire an easement by prescription, and that "[t]he requirements for the creation of a public way by prescriptive use parallel those for the creation of a prescriptive easement." *Stickney v. City of Saco*, 2001 ME 69, ¶ 16, 770 A.2d 592. As the party claiming the creation of a public way by prescription, the Town has the burden of proving

4

"continuous use for at least 20 years under a claim of right adverse to the owner, with his knowledge and acquiescence, or a use so open, notorious, visible, and uninterrupted that knowledge and acquiescence will be presumed." *Shadan v. Town of Skowhegan*, 1997 ME 187, ¶ 6, 700 A.2d 245 (quoting *Town of Manchester v. Augusta Country Club*, 477 A.2d 1124, 1130 (Me. 1984)). In addition to proving the elements of a prescriptive easement, the Town bears an additional burden to prove that "the use of the road [was] by people who are inseparable from the public generally . . . ." *See Stickney*, 2001 ME 69, ¶ 18, 770 A.2d 592.

[¶7]  The trial court expressly found that the Town failed to prove continuous use for the prescriptive period: "[T]he evidence of use demonstrated by the Town of Steuben was at best fragmented in terms of time and duration." The trial record includes the testimony of Pauline and Paul West, both of whom have extensive knowledge of the history and use of the property. It has been in Pauline's family for many decades and her memory of its use extends back more than six decades. She testified that no road existed between the northeast corner of her lot and the beach until the mid-1960s. Prior to that time, the stretch between the corner and the beach was covered with alders.

[¶8]  Both Paul and Pauline West testified that there were separate and significant periods of time in the decades between the 1960s and the 1990s when

the road was not used in any way. The Wests did not limit their testimony to non-fishermen; their testimony was that *no* use was made. The Town offered considerable evidence to the contrary, but the court's findings are entitled to deference on appeal as long as evidence exists in the record to support them. *See Theberge*, 2010 ME 132, ¶ 17, 9 A.3d 809.[1]

[¶9]    The Town argues that the court failed to consider the Town's maintenance of the road in its continuous use analysis. Although there was testimony regarding snow removal by the Town, there was no testimony about how often the road was plowed and inconsistent evidence concerning what portion of the road was plowed. Testimony concerning other maintenance on the road was similarly inconsistent. Even if public maintenance did occur, that fact alone does not mandate a finding of a public way. *See Town of Manchester*, 477 A.2d at 1130-31 (stating that although the town performed maintenance on a road it did not acquire a right-of-way by prescription). At best, the testimony established that the Town's maintenance of the road was "minor and sporadic," which is insufficient to

---

[1]    The trial court's initial decision appears to commingle the "continuous use" issue with the "inseparable from the public generally" issue because the court's original order seems to have excluded use by the commercial fishermen from its consideration of the prescriptive period. However, in its findings of fact of February 9, 2012, the court states, *inter alia*: "The Court finds as a fact that the evidence of use demonstrated by the Town of Steuben was at best fragmented in terms of time and duration and that the users were separable from the general public of Steuben citizens," thus confirming that the court considered the two issues separately. Both the original and additional findings are reviewed to determine whether there is evidence in the record to support them. *See Theberge v. Theberge*, 2010 ME 132, ¶ 17, 9 A.3d 809. Any ambiguity in the court's original findings was clarified in its additional findings of fact.

persuade us to conclude that the court erred in failing to find that the maintenance was continuous. *See Comber v. Plantation of Dennistown*, 398 A.2d 376, 378 (Me. 1979). The record does not support the Town's assertion that the trial court failed to consider the evidence concerning the Town's efforts at maintaining the road; indeed, the evidence is fully congruous with the trial court's findings.

[¶10] Because we conclude that the trial court's findings are supported by the evidentiary record, and based on these findings the Town failed to sustain its burden to prove continuous use of the road for the required period, we affirm the judgment of the trial court.

The entry is:

Judgment affirmed.

---

**On the briefs:**

William H. Dale, Esq., and Mark A. Bower, Esq., Jensen Baird Gardner & Henry, Portland, for appellant Town of Steuben

Eric N. Columber, Esq., Roy, Beardsley, Williams & Granger, LLC, Ellsworth, for appellee Bayberry Cove Childrens' Land Trust

Stephen W. Hanscom, Esq., Crandall, Hanscom & Collins, P.A., Rockland, for appellees Paul West and Pauline West

**At oral argument:**

William H. Dale, Esq., for appellant Town of Steuben

Eric N. Columber, Esq., for appellee Bayberry Cove Childrens' Land Trust

Stephen W. Hanscom, Esq., for appellees Paul West and Pauline West

Washington County Superior Court docket number CV-2011-17
FOR CLERK REFERENCE ONLY